Carr, J.
I am of opinion, that upon the facts of this ca.se we cannot disturb the verdict oi the jury. There is no proof of a gift; on the contrary, the plaintiff took the precaution of a written acknowledgment from his son in law, that he received the girl as a loan; and though ho declared, afterwards, that he took the writing to protect the slave from Grattan’s creditors while in Tennessee, that did not change it from a loan to a gift. Neither did the further declaration made by the plaintiff, that “ he intended to give the negro to Grattan any how,” work such a change: since an intention to give is a very different thing from an actual gift. The judge spoke too broadly, when he said it belonged exclusively to the jury to decide, whether the deed of loan was 'bona fide or fraudulent. Yet we ought not to reverse the judgment for that cause, if he was right on the whole in refusing the new trial; and I think he was; for the jury are certainly the appropriate triors of facts, and it is only in case of “ plain deviation,” that a court ought to grant a new trial, on the ground of a verdict being contrary to the evidence. I am for affirming the judgment.
Brockenbrough and Cabell, J. concurred.
Tucker, P.
In Brown v. Handley, decided this term,* it was observed, that though parol gifts of slaves accompanied by possession were valid, yet that the evidence of such gift should be clear and entirely satisfactory, before it should be established. For, as the gift is without value received, it is but reasonable that the party who is ' to be deprived of bis property without an equivalent, should be clearly proved to have actually parted with it. This can never be done, where the evidence to establish the gift is altogether equivocal; and such is always the case with mere evidence of possession, in a transaction between a father and his child. Such pos *320 session being equally consistent with the idea of a loan or a gift) an<i both loans and gifts under such circumstances, being common, the fact of possession does not seem to me to prove much. Had the facts stated in the bill of exceptions been submitted for my own decision, I think I should have said with the jury,—“ this gift is not satisfactorily proved.” But be this as it may, that tribunal, to which it most properly belonged to decide this question, having so found, the court properly refused to disturb a verdict which, at most, cannot be said to be clearly against the evidence. The judgment must be affirmed.
Judgment affirmed.

 Reported ante, p. 119.